UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL JONES,

Plaintiff,

v.

TOM ROY, and
JOAN FABIAN,

Defendants.

Civil No. 11-1032 (ADM/LIB)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is a patient at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. Before he came to the MSOP, he was a prisoner of the State of Minnesota, and he was held in custody by the Minnesota Department of Corrections, ("DOC").

In 2007, Plaintiff acquired a "sleep apnea machine." (Complaint, p. 3, ¶ 1.) He retained his sleep apnea machine while he was in DOC custody. According to Plaintiff's complaint, there are DOC records from May 20, 2008, and January 19, 2010, which prove that he had his sleep apnea machine while in DOC custody. (Id., p. 4, ¶ 2.)

Giving the complaint the benefit of liberal construction, it appears that Plaintiff lost possession of his sleep apnea machine either while he was still in DOC custody, or upon leaving DOC custody. In any event, Plaintiff no longer has his sleep apnea machine, and he apparently has never had it since he left DOC custody.

Plaintiff is now attempting to sue Tom Roy, the current Commissioner of the DOC, and Joan Fabian, a former Commissioner of the DOC.[1] The complaint does not describe any specific acts or omissions by either Roy or Fabian. Plaintiff alleges only that Defendant Roy, "together with other DOC officials, deputies and assistants, oversees the policies, procedures, and practices at the Minnesota Correctional Facility Faribault," and Defendant Fabian "is the former Commissioner of the Department of Corrections." (Complaint, p. 3, "Parties," ¶s 4(b) and 4(c).)

[1] Roy and Fabian are the only two Defendants listed in the caption of Plaintiff's complaint. The body of the complaint identifies the DOC itself as a Defendant, (Complaint, p. 3, "Parties," ¶ 4(a)), but if Plaintiff is attempting to sue the DOC in this action, (even though the DOC is not listed as a Defendant in the caption of the complaint), that effort is clearly unavailing. The Eleventh Amendment provides that states and their agencies, (such as the DOC), are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988). Plaintiff has not identified any applicable Congressional abrogation of the State's Eleventh Amendment immunity, and there is no indication that the DOC has waived its immunity and consented to be sued in this case. Therefore, if Plaintiff is attempting to sue the DOC as a separate Defendant in this action, his claims against the DOC must be summarily dismissed.

Plaintiff is attempting to sue Defendants under 42 U.S.C. § 1983, for allegedly violating his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments. He obviously believes that Defendants are somehow responsible for the loss of his sleep apnea machine. However, Plaintiff's complaint does not describe anything that either of the Defendants did, (or failed to do), that deprived him of his sleep apnea machine. As far as the Court can tell, Plaintiff is attempting to sue Defendants Roy and Fabian simply because they have served as Commissioners of the DOC, and the last time Plaintiff possessed his sleep apnea machine he was in a facility operated by the DOC.

Plaintiff is seeking a judgment against Defendants "declaring the Constitutional rights to which plaintiff are [sic] entitled," and "provid[ing] all Constitutional rights to which Plaintiff are [sic] entitled." (Complaint, p. 7, "Relief," ¶s A and B.) He is also seeking a judgment "for compensatory and punitive damages in amounts to be proven at trial," and "[s]uch additional relief as the Court may deem just and appropriate." (Id., ¶s C and D.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief may be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See

Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the

plaintiff's federal constitutional rights. In the words of the Supreme Court, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has failed to plead an actionable § 1983 claim because his complaint does not describe any specific acts or omissions by either of the two named Defendants. Plaintiff has alleged only that Defendants are responsible, (or were previously responsible), for overseeing the "policies, procedures and practices" of the penal facilities operated by the DOC. Plaintiff has not alleged any specific historical facts showing what Defendants actually did, or failed to do, that has prompted Plaintiff to sue them. Simply put, Plaintiff has not alleged any facts showing that Defendants personally violated his constitutional rights.

Indeed, it clearly appears that Plaintiff is attempting to hold both named Defendants vicariously liable for alleged misdeeds committed by their subordinates. It is well-settled, however, that the doctrine of respondeat superior is not applicable in federal civil rights actions, and supervisory prison officials cannot be held vicariously liable for the allegedly unconstitutional acts or omissions of their subordinates. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). See also Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) ("[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" in a civil rights action). Therefore, Plaintiff cannot sue Defendants under § 1983 for any constitutional violations that may have been committed by their subordinates.

Because Plaintiff has not identified any specific personal acts or omissions by either of the two named Defendants, he has failed to plead an actionable civil rights claim.

The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 2, 2011

s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 16, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.