# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael Jones,

      Plaintiff,

  v.                               **ORDER**
                                     Civil No. 11-1032 ADM/LIB

Tom Roy, Commissioner of Department
of Corrections, sued in their individual
and official capacities; and Joan Fabian,
Former Commissioner of Corrections, sued
in their individual and official capacities,

      Defendants.

_____

Michael Jones, pro se.
_____

      This matter is before the undersigned United States District Judge for consideration of Plaintiff's Objections [Docket No. 4] to Magistrate Judge Leo I. Brisbois' May 2, 2011 Report and Recommendation ("R&R") [Docket No. 3]. Judge Brisbois' R&R recommends denying Plaintiff's Application to Proceed In Forma Pauperis in District Court [Docket No. 2] (the "IFP Application") and summarily dismissing all claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Due to the procedural posture of this case, Defendants have not yet filed an appearance. Contemporaneous with Plaintiff's Objections, Plaintiff filed a Motion to Amend Complaint [Docket No. 5]. Based on a de novo review of the record, Plaintiff's Objections are overruled, his Motion is denied, and the R&R is adopted.

      Plaintiff is involuntarily committed as a patient as the Minnesota Sex Offender Program in Moose Lake, Minnesota. Compl. [Docket No. 1] ¶¶ 1-2. He filed a pro se Complaint purporting to allege claims under 42 U.S.C. § 1983. Plaintiff complains that the Minnesota

Department of Corrections misappropriated a medical device owned by him to treat sleep apnea in violation of his constitutional rights.  Compl. ¶¶ 3-10, 13-14.  After a de novo review of the record, the Court agrees with Judge Brisbois that Plaintiff has failed to state a claim on which relief may be granted.  Plaintiff has not pled any facts showing personal involvement in the alleged constitutional violations by either named Defendant.  Because Plaintiff fails to state a claim, his IFP Application is denied and his claims are dismissed.

After filing his Objections, Plaintiff also filed a Motion to Amend, arguing that he should be given leave to plead additional factual allegations.  Rule 15 of the FRCP provides that leave to amend the pleadings should be liberally granted "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend, however, is properly denied where amendment is futile.  See Zutz v. Nelson, 601 F.3d 842, 850-52 (8th Cir. 2010).  Local Rule 15.1 requires that a motion to amend a pleading be accompanied by a proposed amended pleading.   Plaintiff did not include a proposed amended complaint with his motion.  Further, Plaintiff, in all his filings, has failed to articulate how he would amend his Complaint to state a viable claim.  Without an offer by Plaintiff of any additional factual allegations in support of his claim, an amendment to the Complaint would be futile and Plaintiff's motion is denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 4] are **OVERRULED**;

2. Judge Brisbois' R&R [Docket No. 3] is **ADOPTED**;

3. Plaintiff's Application to Proceed In Forma Pauperis in District Court [Docket No. 2] is **DENIED**;

4.  All claims in the Complaint [Docket No. 1] are **DISMISSED WITH PREJUDICE**; and

5.  Plaintiff's Motion to Amend Complaint [Docket No. 5] is **DENIED**.

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 7, 2011.